IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOSAM KADDOURA,

          Petitioner,

    vs.

MATTHEW CATE,[1] Secretary, California
Department of Corrections and
Rehabilitation,

          Respondent.

No. 2:11-cv-01208-JKS

MEMORANDUM DECISION

Hosam Kaddoura, a state prisoner appearing *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Kaddoura is currently in the custody of the California Department of Corrections and Rehabilitation, in parole status. Respondent has answered, and Kaddoura has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

Following a jury trial, Kaddoura was convicted in the Sacramento County Superior Court of two counts of driving under the influence of alcohol (Cal. Vehicle Code § 23152(a) (counts one and three)), two counts of driving with a blood-alcohol level of 0.08%, or more (Cal. Vehicle Code § 23152(b) (counts two and four)), misdemeanor hit-and-run (Cal. Vehicle Code § 20002(a) (count five)), driving with a suspended license (Cal. Vehicle Code § 14601.5(a) (count six)), resisting a peace officer (Cal. Penal Code § 148(a)(1) (count seven)), and he

---

[1] Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, is substituted for F. X. Chavez, Warden, Sierra Conservation Center. Fed. R. Civ. P. 25(d).

sustained allegations that he drove with a blood-alcohol level of 0.15%, or more.  Kaddoura was

on bail at the time of counts three through seven.  The court siting without a jury found that

Kaddoura had three prior driving under the influence convictions (Cal. Vehicle Code § 23152)

within the previous ten years (Cal. Vehicle Code § 23550).  On August 14, 2009, the trial court

sentenced Kaddoura to a prison term of five years and eight months.  The California Court of

Appeal, Third Appellate District, affirmed Kaddoura's conviction and sentence in an

unpublished decision,[2] and the California Supreme Court denied review on December 1, 2010.

In March 2010, while his appeal was still pending, Kaddoura filed a petition for habeas

relief in the Sacramento County Superior Court, which denied his petition on June 24, 2010, in

an unreported, reasoned decision, and denied Kaddoura's request for reconsideration in an

unreported, reasoned decision on December 1, 2010.  On August 23, 2010, Kaddoura filed a

petition for habeas relief in the California Court of Appeal, which was summarily denied without

opinion or citation to authority, and the California Supreme Court denied review on November

17, 2010.  On December 23, 2010, Kaddoura filed a second petition for habeas relief in the

California Court of Appeal, which was summarily denied, and the California Supreme Court

denied review on April 13, 2011.  Kaddoura timely filed his Petition for relief in this Court on

May 3, 2011.

The facts underlying Kaddoura's conviction, as summarized by the California Court of

Appeal:

> Around midnight on December 14, 2007, [Kaddoura] was stopped on Fulton
> Avenue in Sacramento for driving 60 miles per hour in a 35-mile-per-hour zone.  He
> smelled of alcohol, had slurred speech, was unsteady on his feet, and had red, watery

---

[2] *People v. Kaddoura*, No. C063028, 2010 WL 3308855 (Cal. Ct. App. Aug. 24, 2010).

eyes. [Kaddoura] refused to perform field sobriety tests. His blood-alcohol level tested at 0.34 percent. He was released on bail following his arrest for driving under the influence of alcohol and driving with a blood-alcohol level of 0.08 percent or more.

On February 2, 2008, [Kaddoura], driving on a suspended license and on bail for the December 14 offenses, rear-ended a truck driven by Jose Aguilar. Aguilar contacted [Kaddoura] and smelled alcohol on him; after [Kaddoura] drove off, Aguilar followed. Aguilar called the police and later pointed out [Kaddoura] to them. Officers contacted [Kaddoura], who appeared intoxicated, and arrested him. [Kaddoura] was uncooperative and spit on one of the officers. He had a blood-alcohol level of 0.22 percent.[3]

## II.  GROUNDS RAISED/DEFENSES

In his Petition Kaddoura raises many grounds, which can be divided into three categories: (1) sixteen enumerated errors by the trial judge; (2) twenty-one enumerated instances of claims that he received ineffective assistance of trial counsel; and (3) his appellate counsel was ineffective for failing to appeal from the denial of the motion for a new trial. Respondent contends that all of Kaddoura's claims are procedurally barred except his claim of ineffective assistance of counsel. Respondent raises no other affirmative defense.[4]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[3] *Id.* at 1.

[4] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 5(b) (2011).

proceeding."[5]  The Supreme Court has explained that "clearly established Federal law" in

§ 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the

time of the relevant state-court decision."[6]  The holding must also be intended to be binding upon

the states; that is, the decision must be based upon constitutional grounds, not on the supervisory

power of the Supreme Court over federal courts.[7]  Thus, where holdings of the Supreme Court

regarding the issue presented on habeas review are lacking, "it cannot be said that the state court

'unreasonabl[y] appli[ed] clearly established Federal law.'"[8]  When a claim falls under the

"unreasonable application" prong, a state court's application of Supreme Court precedent must

be "objectively unreasonable," not just "incorrect or erroneous."[9]  The Supreme Court has made

clear that the objectively unreasonable standard is "a substantially higher threshold" than simply

believing that the state-court determination was incorrect.[10]  "[A]bsent a specific constitutional

violation, federal habeas corpus review of trial error is limited to whether the error 'so infected

---

[5] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[6] *Williams*, 529 U.S. at 412 (alteration added).

[7] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[8] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[9] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[10] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

4

the trial with unfairness as to make the resulting conviction a denial of due process.'"[11]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[12]  Because state court judgments of conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[13]

The Supreme Court recently underscored the magnitude of the deference required:

As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244).  *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther.*  Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.  *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[14]

---

[11] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[12] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[13] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (citations omitted); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[14] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

In applying this standard, this Court reviews the "last reasoned decision" by the state court.[15]  State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[16]  This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[17]

Under California's unique habeas procedure, a prisoner who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal.  If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[18]  This is considered as the functional equivalent of the appeal process.[19]  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption

---

[15] *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . . ").

[16] *Ylst*, 501 U.S. at 802-03 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *cf. Richter*, 131 S. Ct. at 784 ("As every Court of Appeals to consider the issue has recognized, determining whether a states court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

[17] *See Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[18] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002) (citations omitted) (discussing California's "original writ" system).

[19] *See id.* at 222 ("Thus, typically a prisoner will seek habeas review in a lower court and later seek appellate review in a higher court . . . .").

by clear and convincing evidence.[20]  This presumption applies to state-trial courts and appellate

courts alike.[21]

## IV.  DISCUSSION

Kaddoura's Petition to this Court (as did his petitions for state habeas relief), contains a

number of allegations, most of which are merely conclusory in nature and unsupported by facts.

The petition must specify all the grounds for relief available to the petitioner and the facts

supporting each ground.[22]  If it plainly appears on the face of the petition that the petitioner is not

entitled to relief, a district court must dismiss the petition.[23]  As the Supreme Court has stated:

> Habeas Corpus Rule 2(c) is more demanding.  It provides that the petition must
> "specify all the grounds for relief available to the petitioner" and "state the facts
> supporting each ground."   See also Advisory Committee's Note on subd. (c) of
> Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently
> contained mere conclusions of law, unsupported by any facts.   [But] it is the
> relationship of the facts to the claim asserted that is important . . . ."); Advisory
> Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading
> is not sufficient, for the petition is expected to state facts that point to a real
> possibility of constitutional error." (internal quotation marks omitted)).  Accordingly,
> the model form available to aid prisoners in filing their habeas petitions instructs in
> boldface:
>
> > **"CAUTION:  You must include in this petition all the grounds
> > for relief from the conviction or sentence that you challenge. And
> > you must state the facts that support each ground.  If you fail to
> > set forth all the grounds in this petition, you may be barred from**

---

[20] 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)
("Factual determinations by state courts are presumed correct absent clear and convincing
evidence to the contrary . . . ." (citing 28 U.S.C. § 2254(e)(1))).

[21] *See Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004) ("Stevenson does not
address these factual findings, let alone challenge them with clear and convincing evidence.
Accordingly, we presume them to be correct." (citing 28 U.S.C. § 2254(e)(1); *Pollard v. Galaza*,
290 F.3d 1030, 1035 (9th Cir. 2002))).

[22] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 2(c) (2011).

[23] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 4 (2011).

**presenting additional grounds at a later date.**" Petition for Relief From a Conviction or Sentence By a Person in State Custody, Habeas Corpus Rules, Forms App., 28 U.S.C., P. 685 (2000 ed., Supp. V) (emphasis in original).

A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).[24]

This Court may not consider claims that have not been fairly presented to the state courts.[25] Exhaustion of state remedies requires the petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.[26] A petitioner fairly presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim.[27]

In light of the foregoing principles, this Court declines to comb the record to find support for Kaddoura's claims. Instead, this Court will discuss Kaddoura's claims to the same extent as those claims were identified and addressed by the state courts.

---

[24] *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005).

[25] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[26] *Duncan v. Henry,* 513 U.S. 364, 365 (1995).

[27] *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009).

**A.      Procedural Bar**

To the extent that Kaddoura presented the claims he presents to this Court to the state

courts, he did so in his petitions for state habeas relief.[28]  With respect to his claims, other than

his ineffective assistance of counsel claim and his claim that the trial judge should have recused

herself from hearing his habeas petition, the Sacramento County Superior Court held:

> Further, habeas corpus cannot serve as second appeal or a substitute appeal.
> (*In re Harris* (1993) 5 Cal.4th 813, 829.)  This rule covers matters that could have
> been raised on appeal but were not as well as matters that were raised on appeal and
> decided. (*Ibid.;* see also *In re Dixon* (1953) 41 Cal.2d 756, 759; *In re Waltreus*
> (1965) 62 Cal.2d 218, 225.)
>     The following issues could be appealed and, therefore, cannot be considered
> on habeas:   Denial of [Kaddoura's] new trial motion, denial of [Kaddoura's]
> *Marsden* and *Faretta* motions to replace his attorney and to act as an attorney for
> himself, destruction of evidence, and any ruling regarding the missing evidence.[29]

In ruling on Kaddoura's motion for reconsideration, the court held:

> The additional claims concerning the expert testimony repeat in a more
> specific fashion some earlier complaints.  To the extent that [Kaddoura] objects to
> the court's ruling concerning expert testimony, that ruling was on the record and
> could have been appealed.  Testimony about the expected effects of alcohol on other
> people could not rebut the evidence of [Kaddoura's] intoxication, and counsel was
> not ineffective for failing to present such testimony.  The previous ruling so stated,
> and [Kaddoura] has presented nothing new that would lead to reconsideration.[30]

Respondent contends that, because the Sacramento County Superior Court declined to

hear most of Kaddoura's habeas claims because they could have been raised on appeal,

consideration of those claims is procedurally barred.  Federal courts "will not review a question

---

[28] On appeal, Kaddoura raised two contentions concerning the on-bail enhancement:
insufficient evidence and instructional error.  Kaddoura does not raise either claim in his Petition
before this Court.

[29] Docket No. 1 at 33.

[30] Docket No. 1 at 37.

of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."[31]  "Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner."[32]

This Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims . . . ."[33] "[I]n order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well established at the time of the petitioner's purported default."[34]  A discretionary state procedural rule can be firmly established and regularly followed, so as to bar federal habeas review, even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others.[35]

Procedurally defaulted claims will not be considered in federal habeas proceedings unless the petitioner can demonstrate cause for the default and actual prejudice, i.e., a miscarriage of justice.[36]  To prove a fundamental miscarriage of justice, Kaddoura must show that a constitutional violation probably resulted in his conviction despite his actual innocence.[37]

---

[31] *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

[32] *Bennett v. Mueller*, 322 F.3d 573, 585 (9th Cir. 2003).

[33] *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992).

[34] *Morales v. Calderon,* 85 F.3d 1387, 1393 (9th Cir. 1996) (internal quotation marks and citation omitted).

[35]  *Walker v. Martin*, 131 S. Ct. 1120, 1128 (2011); *Beard v. Kindler*, 130 S. Ct. 612, 618 (2009).

[36] *See Coleman*, 501 U.S. at 729.

[37] *See Schlup v. Delo,* 513 U.S. 298, 321-25 (1995) (linking miscarriages of justice to

(continued...)

Although at the gateway stage the petitioner need not establish his innocence as an "absolute

certainty," Kaddoura must demonstrate that more likely than not, no reasonable juror could find

him guilty beyond a reasonable doubt.[38]

> If a petitioner has procedurally defaulted on a claim, a federal court may
> nonetheless consider the claim if he shows: (1) good cause for his failure to exhaust
> the claim; and (2) prejudice from the purported constitutional violation; or (3)
> demonstrates that not hearing the claim would result in a "fundamental miscarriage
> of justice." *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546; *Sawyer v. Whitley,* 505 U.S.
> 333, 339–40, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). An objective factor outside
> of a petitioner's control (e.g., ineffective assistance of counsel or a basis for the claim
> that was previously unavailable) could constitute cause. *Murray v. Carrier,* 477 U.S.
> 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *McCleskey v. Zant,* 499 U.S. 467,
> 497, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). The petitioner can meet the prejudice
> prong if he demonstrates "that the errors . . . worked to his *actual* and substantial
> disadvantage, infecting his entire [proceeding] with errors of constitutional
> dimension." *White v. Lewis,* 874 F.2d 599, 603 (9th Cir.1989) (citing *United States
> v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). A petitioner
> can demonstrate a fundamental miscarriage of justice by "establish[ing] that under
> the probative evidence he has a colorable claim of factual innocence." *Sawyer,* 505
> U.S. at 339, 112 S.Ct. 2514 (quotation marks omitted).[39]

It is firmly established under California law that "habeas corpus will not lie as a substitute

for appeal . . . nor as a second appeal."[40]   Contentions that could have been raised during direct

---

[37](...continued)
actual innocence); *United States v. Olano,* 507 U.S. 725, 736 (1993) ("In our collateral-review
jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent.");
*Murray v. Carrier,* 477 U.S. 478, 496 (1986) ("in an extraordinary case, where a constitutional
violation has probably resulted in the conviction of one who is actually innocent, a federal habeas
court may grant the writ even in the absence of a showing of cause for the procedural default.").

[38] *House v. Bell*, 547 U.S. 518, 538 (2006).

[39] *Cooper v. Neven,* 641 F.3d 322, 327 (9th Cir. 2011).

[40] *In re Harris*, 855 P.2d 391, 396 (Cal. 1993) (citing *In re Foss*, 519 P.2d 1073 (Cal.
1974); (*In re Terry*, 484 P.2d 1375 (Cal. 1971); *In re Waltreus*, 397 P.2d 1001 (Cal. 1965); *In re
Spears*, 204 Cal. Rptr. 333 (Ct. App. 1984); *In re Wagner*, 173 Cal. Rptr. 766 (Ct. App. 1981)).

appeal, but were not, generally cannot be renewed in a habeas petition.[41]  Likewise, contentions

that were raised and rejected on appeal cannot be raised again in a petition for habeas corpus.[42]

Respondent argues that Kaddoura's claims are procedurally barred because the Sacramento

County Superior Court denied Kaddoura's petition on those grounds.  This Court agrees.  In

*Robbins*, the California Supreme Court made clear that from the date of that decision, August 3,

1998, it would no longer consider federal law when reviewing state habeas claims for an

exception to the state procedural default in *Dixon* and *Harris*.[43]  Thus, Kaddoura's claims are

procedurally barred,[44] unless Kaddoura can show cause and prejudice.

        The cause asserted by Kaddoura is that, despite his pleas to do so, his appellate attorney

failed to raise the issues on appeal.[45]  In general, because the attorney is considered to be the

defendant's agent, attorney negligence, oversight, or inadvertence is not cause sufficient to

excuse a procedural default.[46]  Thus, Kaddoura has not established sufficient cause to overcome

the procedural default.  Furthermore, none of the procedurally defaulted grounds identified by the

Sacramento County Superior Court would establish Kaddoura's actual innocence.  Accordingly,

this Court is barred from reaching those grounds that are procedurally barred.

---

[41] *Ex parte Dixon*, 264 P.2d 513, 514 (Cal. 1953).

[42] *Waltreus*, 397 P.2d at 1005 (citing *In re Winchester*, 348 P.2d 904, 907 (Cal. 1963)).

[43] *In re Robbins*, 959 P.2d 311, 338-40 (Cal. 1998) (the only exception excluded, that the petitioner was convicted or sentenced under an invalid statute, is not present in this case).

[44] *Bennett*, 322 F.3d at 581-82.

[45] Kaddoura does not, however, claim that he was denied effective assistance of appellate counsel for failing to raise any claim on appeal, except the denial of his motion for a new trial.

[46] *Coleman*, 501 U.S. at 753–54; *see Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) (reaffirming that rule).

**B.**     **Merits**

Ground 1:  Trial Court Errors

Kaddoura contends that the trial judge erred in that she:  (1) denied his *Marsden* motion to replace his attorney; (2) denied his motion to represent himself; (3) prevented the jury from being informed that he requested an independent test of the blood sample and that the blood sample had been destroyed; (4) failed to suppress the result of the "fake" blood test; (5) denied expert testimony concerning his medical condition as affecting his blood-alcohol level; (6) made inappropriate comments that could be construed as threats; (7) accused him of lying; (8) stated he should have accepted the prosecutor's plea offer; (9) denied his motion for a new trial without giving a reason or a hearing; (10) denied his habeas petition on baseless reasons; (11) should not have ruled on his habeas petition; (12) lied in her denial of his habeas petition by stating the witness did not change his testimony; (13) erroneously permitted the prosecutor to impeach him; (14) suggested to his counsel what to do to have Kaddoura convicted; (15) failed to require the prosecution to prove the elements of the offenses; and (16) did not afford Kaddoura a fair trial. For the most part, to the extent that they are not barred by procedural default or merely conclusory, Kaddoura's claims of trial court rulings are based upon state law, which is beyond the purview of this Court in a federal habeas proceeding.[47]

Kaddoura argues that it was error for the same judge who presided over his trial to also decide the state habeas petition filed in the state trial court.  The Sacramento County Superior Court rejected Kaddoura's arguments on that ground, holding:

---

[47] *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied).

As an initial matter, petitioner asked whether the judge who presided over his trial was improperly assigned to hear his petition. The answer is "yes." Petitioner did not file a timely motion under Code of Civil Procedure section 170.6 to disqualify the trial judge; nor could he. *Yokley v. Superior Court* (1980) 108 Cal.App.3d 622 held that a habeas proceeding in the superior court on ineffective assistance grounds is a continuation of the criminal trial and not a separate proceeding. *(Ibid.)*[48]

Upon his motion for reconsideration, the court held:

[Kaddoura] has again objected to the transfer of his habeas petition to the trial judge. He also has claimed that he should have been allowed to present expert testimony on the effects of drinking alcohol at the level revealed by testing in his case.

In criminal cases, a court has inherent power to reconsider its rulings. (*People v. Castello* (1998) 65 Cai.App.4th 1242.) Code of Civil Procedure §1008(a), which provides that reconsideration requests must be based on "new or different facts, circumstances or law," is directory in criminal cases and indicates that courts must "exercise due caution before modifying, amending or revoking prior orders." (*Id.* at p. 1249.) As to habeas petitions, courts are directed to avoid considering a successive petition unless the petitioner adequately justifies the piecemeal presentation of claims. (*In re Clark* (1993) 5 Ca1.4th 750, 774.)

[Kaddoura] cites Penal Code section 859c in objecting to the assignment of the habeas petition to this department. That section states that when a challenged ruling may be reviewed by a superior court judge, the review must be assigned to a different judge than the one who made the original decision. *Fuller v. Superior Court* (2004) 125 Cal.App.4th 623, 624, found that the section barred the assignment of a habeas petition on a misdemeanor complaint to the same judge who denied a motion to dismiss.

Section 859c, however, is addressed to review of pre-trial rulings. It does not apply to post-trial habeas petitions. Because of the limitations on habeas review, a trial judge who is assigned a post-trial habeas petition will not be reviewing his or her own rulings because those rulings are part of the record and are subject to appeal, not review by habeas. (See *In re Harris* (1993) 5 Cal.4th 813, 829; *In re Dixon* (1953) 41 Cal.2d 756, 759.) On the other hand, many cases recognize that the trial judge is uniquely qualified to evaluate claims of ineffective assistance of counsel. (See *People v. Callahan* (2004) 124 Cal. App. 4th 198, 210 and cases cited therein.) Once the *Harris-Dixon* rule was applied to this petition, the court was not reviewing its own rulings and the remaining issues all dealt with ineffective assistance. Further, as the court's original order stated, [Kaddoura] could not timely file a motion under Code of Civil Procedure section 170.6 because claims of ineffective assistance are treated as a continuation of the criminal trial and are not a new proceeding. (*Yoke/y*

---

[48] Docket No. 1 at 33.

14

*v. Superior Court* (1980) 108 Cal.App.3d 622.)   The result is that [Kaddoura's] objections have no merit.[49]

To the extent that Kaddoura is attempting to raise the issue that he was denied his constitutional right to a trial before an impartial judge, his argument fails.  Kaddoura's claims all relate to rulings made in the course of his trial.  This is insufficient.

> The Supreme Court has long established that the Due Process Clause guarantees a criminal defendant the right to a fair and impartial judge.  *See In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955).  To succeed on a judicial bias claim, however, the petitioner must "overcome a presumption of honesty and integrity in those serving as adjudicators." *Withrow v. Larkin,* 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975).  In the absence of any evidence of some extrajudicial source of bias or partiality, neither adverse rulings nor impatient remarks are generally sufficient to overcome the presumption of judicial integrity, even if those remarks are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases." *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *see United States v. Martin,* 278 F.3d 988, 1005 (9th Cir.2002).[50]

Kaddoura is not entitled to relief under his first ground.

Ground 2:  Ineffective Assistance of Trial Counsel

Kaddoura presents a veritable laundry list of errors he contends his trial counsel made.  These include:  (1) having Kaddoura sign a stipulation concerning the suspension of his driver's license; (2) not submitting the issue of whether the second felony while on bail enhancement to the jury for determination; (3) assisting the prosecutor in justifying destruction of a blood sample; (4) failure to present evidence of a study on the effects of alcohol; (5) failing to put in evidence of Kaddoura's medical condition; (6) divulging the location of pizza parlor Kaddoura claims he visited the night of the second incident; (7) failing to inform Kaddoura that the prosecutor could

---

[49] *Id.* at 36-37.

[50] *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008).

impeach him if he testified; (8) failing to tell Kaddoura that he had preemptorily challenged the first trial judge assigned to his case; (9) failing to use the testimony of one of the prosecution's witnesses to establish the defense that Kaddoura claims would have established his innocence; (10) failing to object to the entry of unspecified inadmissible evidence; (11) failing to file a motion to suppress evidence; (12) failing to argue the absence of evidence of an accident; (13) failing to investigate the enhancement charge; (14) failing to present the defense that the prosecution had no evidence; (15) failing to alter the defense and drop a guilty plea; (16) failing to impeach the principal witness on the second charge on the change of his testimony; (17) failing to timely file a notice of appeal; (18) sending Kaddoura threatening letters falsely claiming that Kaddoura had physically threatened him; (19) failing to object to the prosecutor's untrue statement concerning Kaddoura's request for the blood sample; (20) never objecting to the trial judge's rulings; and (21) helping the prosecutor and judge convict him.  The Sacramento County Superior Court rejected Kaddoura's arguments, stating:

> In evaluating a claim of ineffective assistance of counsel, the court applies a two-part test:
>
> "[A] defendant must first show counsel's performance was 'deficient' because his 'representation fell below an objective standard of reasonableness . . . under prevailing professional norms.'" (*In re Harris* (1993) 5 Cal.4th 813, 832-833, *citing Strickland v. Washington* (1984) 466 U.S. 668 and *People v. Pope* (1979) 23 Cal.3d 412; see *also In re Scott* (2003) 29 Ca.4th 783, 811-812.)
>
> In applying the first part of the test, courts are directed to be highly deferential.  A petitioner claiming ineffective assistance must overcome a presumption that, considering all of the circumstances, counsel's actions "might be considered sound trial strategy." (*Strickland, supra,* 466 U.S. at p. 689.)
>
> In the second part of the test, a petitioner "must also show prejudice flowing from counsel's performance or lack thereof.  [cites omitted]  Prejudice is shown when there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [cites omitted]" (*Ibid.*)

Finally, courts are advised that it is frequently easier to resolve an ineffective assistance claim by looking first at the issue of prejudice; if none is established, then it will be unnecessary to consider counsel's performance.  (*In re Fields* (1990) 51 Cal.3d 1063, 1077.)

The evidence against [Kaddoura] was strong.  It included the testimony of several officers and numerous exhibits and reports.  The jury did not spend a great deal of time debating his case before returning the verdicts.  It is doubtful that counsel could have presented a case that would have overcome this evidence.

[Kaddoura] has argued that his attorney should have been clearer about the temporary driver's license that [Kaddoura] received at one point.  To have made such an argument, counsel would have had to explain the circumstances in which the Department of Motor Vehicles would issue such a license.  That would not have been helpful in trying to prove that [Kaddoura] was innocent.

[Kaddoura] also claims that counsel should have presented evidence from an expert about the effects of alcohol at various levels of consumption.  This evidence would not have shown the effect on [Kaddoura] specifically, which was the question in the case.  In addition, the study as presented in the petition does not mention the effect of alcohol on a regular user of alcohol.  [Kaddoura] was convicted of having three prior DUIs.

[Kaddoura] further contended that he should have been questioned about his eating at pizza restaurant.  This testimony would not have negated the actual evidence of intoxication in the case, nor could [Kaddoura] have actually contradicted the owner's testimony about when the last order was prepared, no matter how [Kaddoura] received his pizza.

[Kaddoura] twice contends he was tricked.  First; he says he was tricked into entering a plea.  It is unclear what plea he means, but since he initially agreed that this was a wise strategy, he cannot claim that he never agreed with the plan.  He further argues that a witness changed his story, but the only change he reports is the fact that in a later report the witnesses added that he had someone with him at the time of an accident.  This information supplements the previous report; it does not contradict the report.  Finally, [Kaddoura] contends that he was tricked into taking the witness stand and thinks he should have been allowed to supply the certain additional information.  The information he wanted to supply about where he worked is irrelevant to the question of whether he was driving drunk.  The fact that he could not answer questions well is not his attorney's fault.  Nor is it the attorney's fault that the evidence in the case was not easily answered.  [Kaddoura] is upset that he was not an effective witness, but the attorney could not change the evidence in the case.  [Kaddoura] has failed to cite anything that would actually negate the prosecution's evidence showing that [Kaddoura] was drunk while he was driving.  He has failed

to show that his attorney fell below reasonable norms or that he was prejudiced by any such failure.[51]

Under *Strickland*, to demonstrate ineffective assistance of counsel, Kaddoura must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[52]  A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[53]  Kaddoura must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[54]  An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either one of the *Strickland* prongs.[55]

*Strickland* and its progeny do not mandate that this Court act as a "Monday morning quarterback" in reviewing tactical decisions.[56]  Indeed, the Supreme Court admonished in *Strickland*:

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every

---

[51] Docket No. 1 at 34-35.

[52] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[53] *Id*.

[54] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[55] *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

[56] *See Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

18

effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way.[57]

In reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro, supra,* at 473, 127 S.Ct. 1933.  And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.  See *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").[58]

It is through this doubly deferential lens that a federal habeas court reviews *Strickland* claims under the § 2254(d)(1) standard.[59]

The Supreme Court, applying the "doubly deferential standard," has made clear that when adjudicating ineffective assistance of counsel claims in federal habeas proceedings, unlike the situation on direct review, focus is not on whether counsel's performance fell below the *Strickland* standard.  Rather, the focus is on whether the state-court decision holding that counsel

---

[57] 466 U.S. at 689 (internal citations and quotation marks omitted).

[58] *Knowles v. Mirzayance*, 556 U.S. 111, 121 (2009).

[59] *Id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

was not ineffective constituted an "*unreasonable* application of federal law[,] [which] is different from an *incorrect* application of federal law."[60]

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.[61]

While judicial inquiry into counsel's performance under *Strickland* must be highly deferential, it is "by no means insurmountable," but nonetheless remains "highly demanding."[62] "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney."[63] "Only those habeas petitioners who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ and will be entitled to retrial."[64]

Kaddoura bears the burden of proving that counsel's trial strategy was deficient. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"[65] "[Kaddoura] bears the heavy burden of proving that counsel's assistance was neither reasonable nor the result of sound trial strategy."[66] "In determining whether the defendant received effective assistance of counsel, 'we will neither second-guess counsel's decisions, nor apply the fabled twenty-twenty vision of hindsight,' but

---

[60] *Richter*, 131 S. Ct. at 785 (emphasis in the original).

[61] *Id.* at 786.

[62] *Morrison*, 477 U.S. at 382.

[63] *Richter*, 131 S. Ct. at 791 (internal quotation marks and citation omitted).

[64] *Morrison*, 477 U.S. at 382.

[65] *Strickland*, 466 U.S. at 689.

[66] *Murtishaw v. Woodford*, 255 F.3d 926, 939 (9th Cir. 2001).

rather, will defer to counsel's sound trial strategy."[67]  "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment."[68]

"A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."[69]  The court must then consider those acts or omissions against "prevailing professional norms."[70]  Even then, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[71]

Kaddoura has not met this heavy burden.  He has shown no evidence indicating that counsel was unreasonable or ineffective for selecting his chosen trial strategy.  He presented no alternate attorney's determination challenging counsel's decisions.  He has not quoted any "[p]revailing norms of practice as reflected in American Bar Association standards and the like" indicating that counsel acted outside these norms.[72]  Most tellingly, Kaddoura has failed to show how it was possible that these alleged errors, most of which are merely conclusory, could have altered the outcome.

---

[67] *Id.* (quoting *Strickland*, 466 U.S. at 689).

[68] *Strickland*, 466 U.S. at 681.

[69] *Id*. at 690.

[70] *Id*.

[71] *Id*.

[72] *Id.* at 688.

Based upon the record before it, this Court cannot say that the decision of the Sacramento County Superior Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[73]  Nor, viewing the matter through the doubly-deferential lens of *Mirzayance-Richter*, can this Court find that the state court unreasonably applied the correct legal principle to the facts of Kaddoura's case within the scope of *Andrade-Williams-Landrigan-Richter*; i.e., the state court decision was not more than incorrect or erroneous, its application of clearly established federal law was not objectively unreasonable.  Kaddoura has failed to establish that counsel committed any error that was so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment or that his defense was prejudiced, as required by *Strickland-Hill*.  Kaddoura is not entitled to relief under his second ground.

Ground 3:  Ineffective Assistance of Appellate Counsel

Kaddoura's trial attorney did not appeal from the denial of his motion for a new trial.  It appears that Kaddoura raised this issue in his petition for state habeas relief in the Sacramento County Superior Court.  It also appears that Kaddoura sought a Writ of Mandate or Prohibition in the California Court of Appeal, Third Appellate District, to compel the trial court to grant him a new trial.  The Court of Appeal denied the petition on the grounds that Kaddoura had an adequate remedy by appeal.[74]  Although in ruling on Kaddoura's petition for habeas relief the Sacramento County Superior Court denied his claim that it was error to deny his motion for a

---

[73] 28 U.S.C. § 2254(d).

[74] Docket No. 1 at 31.

new trial, it does not appear that the ineffective assistance of appellate counsel issue was addressed.

When there is no reasoned state court decision denying an issue presented to the state court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[75]  "The presumption may be overcome when there is reason to think that some other explanation for the state court's decision is more likely."[76]  Where the presumption applies, this Court must perform an independent review of the record to ascertain whether the state-court decision was "objectively unreasonable."[77]  In conducting an independent review of the record, this Court presumes that the relevant state-court decision rested on federal grounds,[78] giving that presumed decision the same deference as a reasoned decision.[79]  The scope of this review is for clear error of the state court ruling on the petition:

> [A]lthough we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by *Williams*. . . . Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling

---

[75] *Richter*, 131 S. Ct. at 784-85.

[76] *Id.* at 785.

[77] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) (quoting *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam)).

[78] *See Coleman v. Thompson*, 501 U.S. 722, 740 (1991) ("The presumption at present applies only when it fairly appears that a state court judgment rested primarily on federal law or was interwoven with federal law, that is, in those cases where a federal court has good reason to question whether there is an independent and adequate state ground for the decision."); *see also Harris*, 489 U.S. at 263.

[79] *Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

23

federal law.  Only by that examination may we determine whether the state court's decision was objectively reasonable.[80]

"[A]lthough we independently review the record, we still defer to the state court's ultimate decision."[81]

Kaddoura, appearing *pro se*, filed a motion for a new trial.[82]  The trial court, after reviewing the documents filed in support of the motion denied the motion with the cryptic statement:  "There is no basis for a new trial.  The motion accordingly is denied."[83]

Kaddoura contends that the trial judge denied his motion for a new trial without giving a reason or a hearing in violation of Cal. Penal Code § 1202.[84]  The record refutes Kaddoura's contention.  The record reflects that the trial judge read the motion, the prosecutor submitted without argument, neither party offered further argument with respect to the motion, and the trial

---

[80] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (citation omitted). *But cf. Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004) ("Our standard of review is not controlled by *Delgado v. Lewis* . . . .  There, we held that where a state court provides no rationale for a decision, a habeas court does not apply de novo review, but instead determines whether the state decision was objectively unreasonable based on its independent reading of the record.  Here, however, the state court was not silent as to its reasoning . . . .  Therefore, we review de novo whether Lewis waived his right to conflict free counsel . . . .").

[81] *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

[82] Clerk's Transcript on Appeal at 188-207.

[83] Reporter's Transcript on Appeal at 517.

[84] Cal. Penal Code § 1202 provides in relevant part:

> If the court shall refuse to hear a defendant's motion for a new trial or when made shall neglect to determine such motion before pronouncing judgment or the making of an order granting probation, then the defendant shall be entitled to a new trial.

24

court ruled.[85]  Kaddoura does not contend that California law requires more, and independent research by this Court did not uncover any such authority.  All California law requires is the opportunity to prepare and present a motion for a new trial and to have it judicially entertained and ruled upon.[86]  Those requirements were met in this case.  Furthermore, under California law, even if the trial court violated the provisions of § 1202, Kaddoura would not be entitled to relief unless he could show that the error resulted in a miscarriage of justice.[87]  Kaddoura makes no such argument or showing.  The failure of appellate counsel to raise meritless or weak issues does not constitute ineffective assistance of counsel.[88]  Kaddoura is not entitled to relief under his third ground.

## V.  CONCLUSION AND ORDER

Kaddoura is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

---

[85] Reporter's Transcript of Appeal at 503, 517.

[86] *See People v. Sarazzawski*, 161 P.2d 934, 939-40 (Cal. 1945) (per curiam) (denying counsel the opportunity to argue the motion violated § 1202), *overruled on another point by People v. Braxton*, 101 P.3d 994 (Cal. 2004).

[87] *Braxton*, 101 P.3d at 1004-05 (*overruling Sarazzawski*).

[88] *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) (holding that appellate counsel does not have an obligation to raise every nonfrivolous argument); *Miller v. Keeney*, 882 F.2d 1428, 1428 (9th Cir. 1989) (holding that appellate counsel's failure to raise a weak issue did not constitute ineffective counsel).

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[89]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[90]

The Clerk of the Court is to enter judgment accordingly.

Dated: July 3, 2012.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[89] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).

[90] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.